# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HEALTH FIRST, INC.,**

                            **Plaintiff,**

**-vs-**                                      **Case No.  6:04-cv-1698-Orl-22JGG**

**IRON MOUNTAIN INFORMATION
MANAGEMENT, INC.,**

                            **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for evidentiary hearing on January 5 and 13, 2005 on the following

motion:

> **MOTION:**    **PLAINTIFF'S VERIFIED MOTION FOR REPLEVIN OF PROPERTY (Doc. No. 14)**
>
> **FILED:**      **December 30, 2004**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    THE ISSUES

Pursuant to a storage contract dated July 1, 2001, PX1, Plaintiff Health First, Inc. stores some

44,000 boxes of patient medical records and other items in defendant Iron Mountain Information

Management, Inc.'s warehouse.  By letter of July 27, 2004, PX6, Health First closed its account with

Iron Mountain, and requested the release of all Health First records as expeditiously as possible.

Some five months later, Health First, Inc. moved for a writ of replevin to require Iron Mountain to

immediately return the remaining medical records.  Docket No. 14.  Although Iron Mountain has slowly returned a small number of boxes over the five months since the July 27, 2004 termination of the contract,  Iron Mountain opposes replevin of the records on the ground that Iron Mountain has a contractual right to possess the stored documents, and on the ground that Health First's request for a high-volume return was unreasonable.  Docket No. 16.  The Court finds that Health First is entitled to replevin.

## II.     THE LAW

### A.     The Right of Replevin

The Florida legislature has conferred a right of replevin:  "[a]ny person whose personal property is wrongfully detained by any other person or officer may have a writ of replevin to recover said personal property and any damages sustained by reason of the wrongful taking or detention as herein provided."  Fla. Stat. § 78.01.  The prevailing party may recover both the property and damages.  *See Brown v. Reynolds*, 872 So.2d 290, 294 (2d DCA 2004).

### B.     The Replevin Procedure

Under Florida law,[1] the Court must promptly issue an order directing the defendant to show cause why the claimed property should not be taken from the possession of the defendant and delivered to the plaintiff. Fla. Stat. § 78.065 (2).  At the show cause hearing, the Court considers the affidavits and other showings made by the parties, and determines which party, with reasonable probability, is entitled to the possession of the claimed property pending final adjudication. Fla. Stat.

---

[1]Florida law applies.  This is an action between fully diverse corporate citizens which, at the time the action was removed from the Circuit Court in Brevard County, involved an amount in controversy exceeding $75,000 within the meaning of 28 U.S.C. § 1332.  Here, the amount in controversy may now be less than $54,000 — *i.e.*, the difference between Iron Mountain's claim of what Health First should pay for the remedy recommended below ($93,500) and Health First's concession of what it is obliged to pay ($44,000 - 10% = $39,600) for the expedited return of the records.

§ 78.067 (2).  This determination is based on a finding as to the probable validity of the underlying

claim alleged against the defendant.  *Id.*

The purpose of the hearing is only to determine who should have possession of the claimed

property pending the final hearing.  The Court therefore considers the merits of the plaintiff's replevin

claim only insofar as may be necessary to such a determination.  *Brown v. Reynolds*, 872 So.2d 290

(2d DCA 2004).  If the plaintiff is entitled to possession of the claimed property, the Court orders the

Clerk to issue a writ of replevin.  The Court may stay the replevin order pending final adjudication

if the defendant files a surety bond equal to the value of the property.[2]  Fla. Stat. § 78.067 (2).

## III.   APPLICATION

On December 10, 2003, the Court issued an order directing Iron Mountain to show cause why

the replevin remedy sought in the complaint and motion should not be granted.  *See* Fla. Stat. § 78.065

(2).  At the evidentiary hearing on January 5 and January 13, the Court considered the arguments and

evidence submitted by the parties, including the testimony of Mitch Williams, Susan Adams, and

Brian Booth[3], as well as various exhibits.  The parties continued to dispute how fast Iron Mountain

could return the records, and what a high-volume return would cost Health First under the July 1,

2001 storage contract.[4]

---

[2]Under a different but related statute, the Court may issue a writ of replevin without notice and without a show
cause hearing by requiring a bond.  Fla. Stat. § 78.065; *accord, Prestige Rent-a-Car, Inc. v. Advantage Car Rental and
Sales, Inc.*, 656 So.2d 541, 545 (5th DCA 1995).

[3]The testimony of all three witnesses was credible.

[4]The contract provided only that "[r]ecords retrieval and delivery to HealthFirst shall take place in a timely
manner in accordance with JCAHO guidelines."  Neither party could identify any relevant guidelines of the Joint
Commission for Accreditation of Hospital Organizations relevant to timeliness, and Health First disclaimed any concern
about a speedy return causing a blackout in the retrieval of patient records.

This Court disagrees with Iron Mountain's unsupported argument that Iron Mountain has a contractual right to possess the stored documents which defeats replevin. Iron Mountain is a bailor, a warehouse. Iron Mountain never contested that the stored medical records belong to Health First, and never contested that Health First is entitled to their return as soon a possible. At most, Iron Mountain has a right to be paid storage and delivery fees under the contract, secured by a warehouseman's lien on the goods. *See* Fla. Stat. § 677.209; *Archive America, Inc. v. Variety Children's Hospital*, 873 So.2d 359, 361 n.1 (3d DCA 2004).

This Court also disagrees with Iron Mountain's argument that Health First's request for a high-volume return was unreasonable, and that replevin is therefore barred. There is no dispute that Iron Mountain is capable of returning 3,000 boxes a week for the first six weeks, and then 2,000 boxes a week thereafter for the next twelve weeks, or as long as is necessary to return all of Health First's records. Only the issue of cost remains.

## IV.   CONCLUSION

Pursuant to Fla. Stat. § 78.067 (2), the Court determines with reasonable probability that Health First is entitled to the possession of its personal property (boxes of patient's medical records) pending final adjudication of the claims, and that Iron Mountain has wrongfully detained Health First's property. The Court bases this determination on the probable validity of Health First's underlying replevin claim against Iron Mountain. Health First is entitled to recover its property pursuant to Fla. Stat. § 78.01. It is therefore

RECOMMENDED that the motion for replevin be GRANTED, and that the district court order the Clerk to issue a writ of replevin directing Iron Mountain to return all of Health First's property "immediately." It is

FURTHER RECOMMENDED that "immediately" shall mean that Iron Mountain shall return 3,000 boxes a week for the first six weeks, and then 2,000 boxes a week thereafter for the next twelve weeks, or for as long as is necessary to return all of Health First's records.  It is

FURTHER RECOMMENDED that Iron Mountain shall have no obligation to return additional replevied property (but may do so on its own initiative or by agreement) unless Health First shall first  post with the Clerk a surety bond in the amount of $93,500 to assure payment to Iron Mountain of what remains a disputed amount of fees under the July 1, 2001 storage contract.[5]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 18, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Anne C. Conway
Counsel of Record
Salley Coffey

---

[5]This bond protects Iron Mountain by assuring that Health First pays the disputed amount of costs under the contract.  Although Health First has not defaulted on payment, the amount remains disputed, and the writ of replevin renders ineffectual any warehouse lien.  Although the Court may stay a replevin order pending final adjudication if the defendant files a surety bond equal to the value of the property, Fla. Stat. § 78.067 (2), this is not such a bond.  This bond is to be filed by the plaintiff, and is based on an amount far less than the value of the medical records.  Neither is this the type of bond that the Court may require when it issues a writ of replevin without notice and without a show cause hearing under Fla. Stat. § 78.065.