**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**HEALTH FIRST, INC.,**

        **Plaintiff,**

**-vs-**                                               **Case No. 6:04-cv-1698-Orl-22JGG**

**IRON MOUNTAIN INFORMATION MANAGEMENT, INC.,**

        **Defendant.**

_____

## ORDER

This cause comes before the Court for consideration of Magistrate Judge James G. Glazebrook's January 18, 2005 Report and Recommendation ("R&R") (Doc. 26); Defendant Iron Mountain Information Management, Inc.'s Objection to, or in the Alternative, Motion for Clarification of, the R&R (Doc. 27); and Plaintiff Health First, Inc.'s Response (Doc. 29) to Defendant's Objection. Upon considering the R & R and the parties' submissions, the Court determines that the R&R should be approved and adopted.

Preliminarily, the Court addresses subject matter jurisdiction. After initially reviewing the parties' submissions concerning the R&R, the Court determined that a potential issue existed concerning whether the statutory amount in controversy requirement had been satisfied and, hence, whether this Court possessed subject matter jurisdiction over this case. Accordingly, the Court entered an Order (Doc. 37) directing the parties to file memoranda addressing the issue of subject matter jurisdiction. Those memoranda have been filed. *See* Docs. 39 & 40. Upon considering the legal memoranda and Health First's Complaint, the Court determines that, under the "face of the

complaint" rule, Health First's allegation that the medical records at issue have a value exceeding $25 million dollars, *see* Doc. 2, ¶ 8, at 2, is sufficient to satisfy the amount in controversy requirement, notwithstanding the parties' dispute concerning the actual value of the documents. Additionally, the Magistrate Judge has determined that the value of the medical records exceeds $93,500.00. *See* Doc. 26 at 5 n.5. Accordingly, the Court concludes that it has subject matter jurisdiction over this action.

Turning to the merits, Iron Mountain's initial objection is that the R&R can be read as not requiring Health First to post a bond in the amount of $93,500.00 before Iron Mountain must begin turning over the medical records at issue, or that the R&R is at least unclear regarding the subject and should be clarified. Construed in conjunction with Judge Glazebrook's comments concerning the matter at the hearing he held on January 13, 2005,[1] Iron Mountain's obligation to begin returning the documents is conditioned on Health First first posting the bond. Accordingly, the Court overrules this objection and determines that clarification is unnecessary.

Iron Mountain next argues that the R&R is deficient because it does not reflect the value of the medical records, which Iron Mountain says must be specified so that it may post a bond equivalent to that value and obtain a stay of the replevin order. This objection is premature. Since the actual value of the property remains disputed, if Iron Mountain actually decides to post a bond and seek a stay, it may file a motion articulating its position and the Magistrate Judge can consider the matter.

Next, Iron Mountain complains that the R&R fails to show that Health First continued to send materials to Iron Mountain for storage after Health First terminated the parties' contract, which

---

[1] At the hearing, Judge Glazebrook stated: "I will require the posting of a bond prior to the return of the documents, posting of the bond with the clerk by Health First, Inc. . . . The bond will be in the amount of 93,500 dollars." Doc. 38 at 108.

conduct Iron Mountain asserts is "totally inconsistent with Health First's position that Iron Mountain is not entitled to possess the materials at issue." Doc. 27 at 6-7. This objection is without merit. Judge Glazebrook correctly determined at the January 13th hearing that the continued delivery of materials to Iron Mountain was a mistake and of little legal consequence. *See* Doc. 38 at 107. The evidence adduced at the hearing supports this finding. Accordingly, this argument lacks merit.

Iron Mountain also complains that the relief recommended in the R&R amounts to a mandatory injunction. However, Judge Glazebrook's recommendation that the document return be scheduled over time, rather than requiring an *en masse* surrender of the property, was in recognition of the fact that ordering all the documents to be produced at once would be impractical and would likely cause great disruption to Iron Mountain's ability to service its other clients. In fact, at the January 13th hearing, Iron Mountain's counsel expressly acknowledged that simply allowing Health First to come and retrieve its property "can't be practically done at this point[.]" Doc. 38 at 17. Iron Mountain can't have it both ways. This objection, too, is without substance.

Next, Iron Mountain objects that the R&R incorrectly states that the medical records belong to Health First, when, under Florida law, they actually belong to the patients. While this may be true, the relevant question is not who ultimately "owns" the records. Rather, it is which of these competing litigants has the superior right of possession. The record supports Judge Glazebrook's determination that Health First's right of possession is superior to Iron Mountain's.

Finally, Iron Mountain asks that the R&R be clarified to address "black-out" issues, on the asserted basis that "ordering Iron Mountain to return boxes at the foregoing rate will necessarily create an impediment to Iron Mountain's ability to quickly pinpoint and retrieve particular records."

Doc. 27 at 9. However, this is merely a potential problem, and if it does arise, the parties may be able to resolve it without the necessity of court intervention. Clarification is thus unnecessary.

Based on the foregoing, it is ORDERED as follows:

1. The January 18, 2005 Report and Recommendation (Doc. 26) is APPROVED AND ADOPTED.

2. Defendant Iron Mountain Information Management, Inc.'s Objection to, or in the Alternative, Motion for Clarification of, the R&R (Doc. 27), filed February 1, 2005 is OVERRULED AND DENIED.

3. Plaintiff Health First, Inc.'s Verified Motion for Replevin of Property (Doc. 14), filed December 30, 2004, is GRANTED.

4. The Clerk shall issue a writ of replevin providing that commencing May 11, 2005, Defendant Iron Mountain Information Management, Inc. shall return 3,000 boxes of Plaintiff Health First, Inc.'s medical records per week for a period of six continuous weeks, followed by a return rate of 2,000 boxes per week for the next twelve continuous weeks, or for as long as is necessary to return all of Health First's records.

5. Issuance of the writ is conditioned on Plaintiff Health First, Inc. posting a bond with the Clerk in the amount of $93,500.00 to stand as security for Defendant Iron Mountain Information Management, Inc.'s charges for returning the medical records. In other words, the Clerk shall not issue the writ until the bond has been posted. The bond shall be posted not later than 4:00 p.m. on May 4, 2005. Immediately upon posting the bond, Plaintiff Health First, Inc. shall file and serve a notice of such posting.

**DONE** and **ORDERED** in Orlando, Florida this 28th day of April, 2005.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge Glazebrook